IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1715-LTB

**LLOYD L. HERRERA;** Inmate No. A 0264488,

    Plaintiff,

v.

**HEALTH CORRECT CARE SOLUTION**;
**DOCTOR WRIGHT**;
**NURSE STACY TUCKER**, H.C.C.S.;
**JANET KING**, Programs Manager; and
**PATRICK SMITH**, Deputy,
    Defendants.

---

**AMENDED ORDER DIRECTING PLAINTIFF TO FILE A
SECOND AMENDED COMPLAINT**

---

    Plaintiff, Lloyd L. Herrera, is a prisoner in the custody of the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Herrera initiated this action by filing a complaint claiming that he has been denied adequate medical care. On September 11, 2015, Magistrate Judge Gordon P. Gallagher directed Plaintiff to file an amended complaint and provided detailed instructions concerning the requirements of the Federal Rules of Civil Procedure. Plaintiff filed an amended complaint on December 7, 2015 (ECF No. 22). On December 11, 2015, Magistrate Judge Gallagher found the amended complaint deficient and ordered Plaintiff to file a second amended complaint (ECF No. 25). On December 21, 2015, the December 11, 2015 Court Order was returned to the Court as undeliverable (ECF No. 27).

    The court must construe the amended complaint liberally because Mr. Herrera is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Herrera will be ordered to file a third amended complaint if he wishes to pursue his claims in this action.

As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the amended complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Herrera asserts jurisdiction pursuant to 42 U.S.C. § 1983, which "provides a federal cause of action against any person who, acting under color of state law,

deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).

Construing the complaint liberally, it appears that Mr. Herrera is asserting a constitutional claim pursuant to both the Eighth and Fourteenth Amendments alleging he has been denied adequate medical treatment in that he suffers from blood clots, has been taken off his coumadin medication, and that the left side of his brain is swollen for which he has received no treatment. He further claims that the nurses have taken his cane, which he needs because of the blood clots in his legs. He further claims that he is a diabetic and that he is being denied the diabetic snack required to prevent a seizure. He further claims he is being denied diabetic hose and shoes.

It is not clear against which Defendant or Defendants Mr. Herrera is asserting the medical treatment claims or what any particular Defendant did with respect to medical treatment that violated Mr. Herrera's constitutional rights. The Eighth Amendment, through its prohibition of cruel and unusual punishment, imposes a duty on prison officials to provide humane conditions of confinement, including adequate medical treatment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A violation occurs when: 1) a medical need is serious; and (2) the acts or omissions by prison officials demonstrate "deliberate indifference" to the inmate's health or safety. *Id.* at 106. Thus, first, a complaint must allege facts showing a sufficiently serious medical need. A "medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm." *Id*. at

1210. The substantial harm requirement "may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). Under *Estelle*, deliberate indifference is present when prison officials intentionally deny or delay access to necessary medical treatment for non-medical reasons, or when they interfere with a course of treatment once prescribed. *Id*. at 104-05. Under the subjective component, Plaintiff "must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009).

A prison medical professional who "knows that his role in a particular medical emergency is solely to serve as a gatekeeper for other medical personnel capable of treating the condition" may be held liable under the deliberate indifference standard if that person delays or refuses to fulfill that gatekeeper role. *Sealock*, 218 F.3d at 1211. Deliberate indifference does not require a showing of express intent to harm, rather, it is enough that the official acted or failed to act despite his or her knowledge of a substantial risk of serious harm. *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005) (citations omitted). Notwithstanding, correctional defendant-administrators who are not themselves physicians cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. *See, e.g., Hernandez v. Keane*, 341 F.3d 137, 148 (2d Cir. 2003) (no deliberate indifference on part of grievance reviewer who delegated responsibility for investigating inmate's complaints about his medical needs to other prison staff); *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993) (non-medical

professionals not deliberately indifferent for failing to respond to inmate's complaints when prisoner is ostensibly under care of medical experts). *See also Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) ("absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official ... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.").

Thus, in order to comply with Rule 8, Mr. Herrera must identify the specific constitutional claims he is asserting, the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights under the particular constitutional provision. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "**a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated**") (emphasis added).

In the context of a medical treatment claim, he must state exactly what objectively serious medical need he was suffering from and what each specific Defendant did that amounted to deliberate indifference to that need. He must provide specific dates and provide a short statement as to each claim against each defendant. Plaintiff's amended complaint provides a lenghty narrative that does not specify what constitutional claims he is asserting against each defendant. He merely identifies a defendant and makes rambling statements.

The general rule that *pro se* pleadings must be construed liberally has limits and

"the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

To the extent Mr. Herrera asserts a constitutional claim against an individual, he must allege specific facts that demonstrate how that individual personally participated in the asserted constitutional violation. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). Furthermore, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

To the extent Mr. Herrera asserts a constitutional claim against Health Correct Care Solution, he must allege specific facts that demonstrate he suffered an injury caused by an official policy or custom. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations); *Smedley v.*

*Corrections Corp. of America*, 175 F. App'x 943, 946 (10th Cir. 2005) ("in order to hold CCA liable for the alleged tortious acts of its agents, [Plaintiff] must show that CCA directly caused the constitutional violation by instituting an official policy of some nature that was the direct cause or moving force behind the constitutional violations") (internal citation and quotation marks omitted).

Plaintiff's Amended Complaint makes many references to the "ADA."  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  To state a claim under Title II, the plaintiff must allege that:  1) he is a qualified individual with a disability; 2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities; and 3) such exclusion, denial of benefits, or discrimination was by reason of a disability.  *See* 42 U.S.C. § 12132; *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007).

Plaintiff does not allege he was excluded from any service, program, or activity on the basis of his disability.  Rather, his ADA claims appear to parrot his § 1983 claims regarding his medical treatment, but "purely medical decisions . . . do not ordinarily fall within the scope of the ADA or the Rehabilitation Act." *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005); *see also Rashad v. Doughty*, 4 F. App'x 558, 560 (10th Cir. 2001) (holding that "the failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation").

Finally, because Mr. Herrera must clarify the claims he is asserting, he will be directed to file an amended complaint on the complaint form approved for use by prisoners in the District of Colorado. Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."

Moreover, Plaintiff is required to give the Court notice of his change of mailing address not later than five days after the change. *See* D.C.COLO.LCivR 5.1(c). Accordingly, it is

**ORDERED** that Mr. Herrera file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

**FURTHER ORDERED** that Plaintiff file an updated address with the Court as required by our local rules. It is

**FURTHER ORDERED** that, if Mr. Herrera fails to file a third amended complaint that complies with this order within the time allowed, this action will be dismissed without further notice.

DATED January 15, 2016, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

---

Gordon P. Gallagher
United States Magistrate Judge